UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUN JUNG,<br><br>            Plaintiff,<br><br>   v.<br><br>LIBERTY MUTUAL GROUP,<br><br>            Defendant. | CASE NO. C20-5089 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO CONTINUE TIME TO SERVE AND MOTION TO AMEND |

This matter comes before the Court on Defendant Liberty Mutual Group's ("Liberty Mutual") motion to dismiss, Dkt. 22, and Plaintiff Eun Jung's ("Jung") motion to continue time to serve, Dkt. 27, and motion to amend, Dkt. 28.  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Liberty Mutual's motion and denies Jung's motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 31, 2020, Plaintiffs Jung, Sun Jung, and Oyung Jung ("Plaintiffs") filed motions to proceed *in forma pauperis*, Dkts. 1–3, and a proposed complaint, Dkt. 1-1. On March 9, 2020, the Court granted Plaintiffs' motions to proceed *in forma pauperis*,

ORDER - 1

1 | Dkt. 7, and accepted their complaint, Dkt. 8.  Plaintiffs assert claims against Liberty for
2 | breach of contract, violations of Washington's Insurance Fair Conduct Act, and
3 | Washington's Consumer Protection Act.  *Id.*
4 | On August 20, 2020, the Court granted Liberty's motion to dismiss for failure to
5 | timely serve, granted Jung leave to complete service no later than September 4, 2020, and
6 | dismissed the other plaintiffs' claims for failure to respond.  Dkt. 21.
7 | On September 15, 2020, Liberty filed a second motion to dismiss for failure to
8 | timely serve the complaint.  Dkt. 22.  On October 6, 2020, Jung responded, asserted that
9 | the failure to serve was attorney oversight, and requested additional time to serve and
10 | leave to amend the complaint.  Dkt. 25.  On October 9, 2020, Liberty responded and
11 | argued that Jung's requests for affirmative relief were improperly included in a response.
12 | Dkt. 26.
13 | That same day, Jung filed her motion to continue time to serve Liberty and motion
14 | for leave to amend.  Dkts. 27, 28.  On October 21, 2020, Liberty responded.  Dkt. 29.  On
15 | October 23, 2020, Jung replied.  Dkt. 30.  On October 30, 2020, Liberty filed a surreply.
16 | Dkt. 32.

## II. DISCUSSION

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  "[I]f there is no good cause [for failure to serve], the court has the discretion to dismiss without prejudice or to extend the time period." *In re*

1    *Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  Neither the desire to amend a complaint nor
2    the inadvertence of counsel establish good cause for failure to serve.  *Wei v. State of*
3    *Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) ("Wei's desire to amend his complaint before
4    effecting service does not constitute good cause . . . . The inadvertence of Wei's counsel
5    likewise does not qualify as good cause for Wei's failure to comply with Rule [4(m)].
6    The rule is intended to force parties and their attorneys to be diligent in prosecuting their
7    causes of action.").

8    　　　　In this case, Jung fails to establish good cause for her failure to serve.  Neither her
9    desire to amend her complaint nor her counsel's failure to read the Court's previous order
10   amount to good cause.  Moreover, there is no evidence to establish that Jung has even
11   attempted to serve the original complaint in the event that the Court denies her motion to
12   amend, which evidences a lack of diligence in prosecuting these claims.  Therefore, the
13   Court grants Liberty's motion to dismiss.

14   　　　　The remaining issue is whether the claims should be dismissed with or without
15   prejudice.  Although the Court stated that failure to serve would result in dismissal
16   without prejudice, Dkt. 21, the Court declines to dismiss with prejudice because such
17   dismissal would be legally improper.  *See* Fed. R. Civ. P. 4(m) ("dismiss the action
18   without prejudice").  Therefore, the Court will dismiss the claims without prejudice.

### III.  ORDER

20   　　　　Therefore, it is hereby **ORDERED** that Liberty Mutual's motion to dismiss, Dkt.
21   22, is **GRANTED**, Jung's motion to continue time to serve, Dkt. 27, is **DENIED**, and
22   Jung's motion to amend, Dkt. 28, is **DENIED as moot**.

1   The Clerk shall enter a JUDGMENT and close the case.

2   Dated this 17th day of November, 2020.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge